IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 21-cv-02859-GPG-SBP
    (*Consolidated with* 23-cv-01719-GPG-SBP)

CROCS, INC.,

    Plaintiff/Counter Defendant,

v.

JOYBEES, INC. a/k/a JOYBEES LLC,

    Defendant/Counter Claimant, and

KELLEN MCCARVEL,

    Defendant.

## ORDER

Before the Court is Defendants Joybees LLC (Joybees) and Kellen McCarvel's (collectively, Defendants) Objections to Recommendations and Order on Several Motions (D. 290) regarding the Report and Recommendation by United States Magistrate Judge Prose (D. 286). On December 8, 2023, Magistrate Judge Prose denied Defendants' Motion for Sanctions Pursuant to [Federal Rule of Civil Procedure] 37 (21-cv-02859; D. 194) and Motion For Stay of Discovery (23-cv-1719; D. 22) and recommended granting Plaintiff's Motion to Consolidate Cases (21-cv-2859; D. 197). As set forth below, the Court ADOPTS the Recommendation, OVERRULES Defendants' Objections, and GRANTS Plaintiff's motion to consolidate.[1]

---

[1] Furthermore, because the Court is consolidating these cases, the Court DENIES AS MOOT and WITHOUT PREJUDICE Defendants' three motions to dismiss (21-cv-2859; D. 272 and 23-cv-01719; D. 9, D. 10). The Court

1

## I. BACKGROUND

This civil action arises from, among other things, Defendant McCarvel's alleged theft of Plaintiff's trade secrets and the creation of a competitor company, Defendant Joybees.[2] The Court and parties are well-versed in the facts; Magistrate Judge Prose thoroughly detailed them in her prior Order and Recommendation (*see* D. 261, D. 286) and they do not bear repeating. The central issue—as it relates to the instant three motions—pertains to the stipulated protection order (PO) issued by Magistrate Judge Hegarty on January 12, 2022 (D. 30). In relevant part, the PO states:

> 7.1 <u>Basic Principles</u>. A Producing Party may review the Producing Party's own Protected Material. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

(D. 30 at 12). On July 6, 2023, Plaintiff—rather than moving to amend the Amended Complaint—filed a second civil action against Defendants asserting new claims not previously raised in the first civil action (*see* 23-cv-01719; D. 1). The Complaint in the second case was neither filed under restriction nor has restriction been subsequently requested. Shortly after Plaintiff filed this 2023 Complaint, it moved to consolidate in the 2021 case (21-cv-02859; D. 197). Defendants moved to sanction Plaintiff for filing the second civil action and allegedly using documents designated highly confidential and attorneys' eyes only (HC-AEO) in violation of the PO (D. 194).

---

will provide further instructions at the end of this Order for parties regarding filing a consolidated Second Amended Complaint and Answer.

[2] The Court draws the operative facts as set forth in the Amended Complaint (21-cv-02859; D.85). The Court will primarily cite from 21-cv-02859 for the remainder of this Order unless specified.

## II.  STANDARDS OF REVIEW

A motion for sanctions is a nondispositive pretrial matter.[3] *See Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997).  When the district court judge refers a pre-trial, nondispositive matter to a magistrate judge to hear, a party may file an objection in this Court within fourteen days. This Court then considers the objection and will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This Court is "required to defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (citation and internal quotations omitted). Under this standard, the reviewing court must affirm unless based on the entire record it is left "with the definite and firm conviction that a mistake has been committed." *Id*. (citation and internal quotations omitted).  Mere disagreement with the magistrate judge's recommendation does not make the recommendation incorrect or outside the bounds of his or her authority. *Rader v. United States*, No. 08-cv-00568-WDM-MEH, 2008 WL 4949168, at *3 (D. Colo. Nov. 17, 2008).

Under Federal Rule of Civil Procedure 37(b), a party may move for sanctions if an opposing party has failed to obey a prior discovery order.  *See* Fed. R. Civ. P. 37(b)(2). Determination of the correct sanction for a discovery violation is "a fact-specific inquiry that the

---

[3] As will be noted in the Analysis section, Defendants did not properly raise specific objections to Magistrate Judge Prose's recommendation to grant Plaintiff's motion to consolidate (typically, a nondispositive issue) and her denial of Defendants' motion to stay discovery (a nondispositive issue) and, therefore, have waived review. *See Alpine Bank v. Hubbell*, No. CIV.A. 05-CV-00026-E, 2007 WL 219948, at *2 (D. Colo. Jan. 26, 2007) (a motion to consolidate is nondispositive when it does not have the potential to resolve a claim or defense of a party).  Thus, the focus of the Court's analysis in this Order pertains to Defendants' motion to sanction Plaintiff (a nondispositive issue).  Indeed, Defendants concede that the correct standard for analysis is clearly erroneous (D. 290 at 3).  Regardless, even if Defendants had properly raised specific objections to the Recommendation regarding the motions to consolidate and stay discovery, the Court would still find that Judge Prose's analysis was correct.

3

district court is best qualified to make" and must be commensurate with the severity and type of discovery violation. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Dismissal of the complaint, however, "represents an extreme sanction appropriate only in cases of willful misconduct." *Id.*[4] Before ordering dismissal, the Court must examine the factors delineated in *Ehrenhaus*: (1) prejudice, (2) interference with the judicial process, (3) culpability, (4) advance warning of dismissal, and (5) efficacy of lesser sanctions. Ultimately, the movant must establish with clear and convincing evidence the nonmovant's liability for a discovery order violation, and the trial court is afforded broad discretion when ruling. *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 102-108 (D. Colo. 1996).

### III.  ANALYSIS

#### A.  Conceded Claims and Objections Not Raised

Defendants dedicate the majority of their Objections to arguing why Magistrate Judge Prose's denial of the motion for sanctions was clearly erroneous (D. 290 at 3-11). Defendants then state in a few sentences that, for the same reasons that they object to Magistrate Judge Prose's order denying the motion for sanctions, this Court should reject Magistrate Judge Prose's recommendation to grant Plaintiff's motion to consolidate and order denying Defendants' motion to stay discovery (*id.* at 11). These statements do not adequately raise an objection or show that the magistrate judge's analysis was clearly erroneous. *Valencia v. Bd. of Regents, Univ. of New*

---

[4] In this particular case, Defendants moved the Court to sanction Plaintiff by appointing a Special Master at Plaintiff's sole expense to make findings of fact about Plaintiff's use of documents and information produced by Defendants under the Protective Order. Defendants noted that after the Special Master made his or her findings (and presumably made a finding that Plaintiff violated the Protective Order) then Defendants would move the Court to dismiss the 2023 civil action with prejudice and award attorneys' fees incurred by Defendants regarding the motion and resulting litigation along with public admonishment of Plaintiff and any other reasonable measures (D. 21-cv-02859; D. 194 at 15).

4

*Mexico*, 852 F. App'x 345, 355 (10th Cir. 2021) ("A party forfeits an argument by failing to raise it in district court."). Defendants' primary objections regarding the denial of the motion for sanctions are not cross-applicable to the legal analyses for the motions for consolidation and to stay discovery. The Court will not attempt to divine Defendants' legal arguments or presume objections for them.

The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations may bar the party from review by the District Judge. *Kansas v. Rambo*, 743 F. App'x 246, 248 (10th Cir. 2018) ("[O]nly objections that are sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will preserve appellate review of those objections." (citation and internal quotations omitted)); *see also United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Furthermore, a party's failure to object to a magistrate judge's nondispositive ruling under Rule 72(a) also results in waiver. *Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781 (10th Cir. 2021).

When no proper objections are filed, the district court is "accorded considerable discretion" and may review the unchallenged portions of the magistrate judge's recommendation "under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citation omitted). Similarly, the Court finds that it may review non-specific objections to the magistrate judge's nondispositive ruling under Rule 72(a) under any standard it deems appropriate. After reviewing the relevant filings, the Court concludes that Magistrate Judge Prose's analysis

5

regarding the motions to consolidate and to stay discovery was thorough and comprehensive and the Court finds no clear error.

### B. Defendants' Objections

First, the Court observes that the interactions between the parties have been highly contentious.[5]  While the Court is not attempting to dissuade any party from vigorously litigating their case, it notes that there has been a complete lack of cooperation during discovery, prolix briefing and motions filing, and constant dispute as to almost every issue.  This is not helpful to the Court or the parties and threatens to burden the docket.  The Court encourages counsel, when appropriate, to use discretion and judgment in determining what points or issues truly deserve such vigorous litigation and what issues are worthy of compromise, agreement, or more limited briefing.

Turning to Defendants' Objections, they argue that Magistrate Judge Prose clearly erred when (1) determining that Plaintiff was not prohibited from using confidential documents for drafting and filing a separate civil action, (2) relying on "applicable legal principles" to interpret the PO as a whole, and (3) finding that Plaintiff's use of Defendants' HC-AEO documents did not violate the PO (D. 290).  Having reviewed Defendants' Objections, the Court finds them unavailing.  A close review of the Complaint in the 2023 civil action shows that no protected information was disclosed.  Defendants assert that the Complaint discloses dates, names of non-public individuals, and express comparisons (D. 290 at 6).  This Court has reviewed the 2023 Complaint (repeatedly and carefully) and disagrees—it does not disclose confidential information as asserted by Defendants.  Defendants then argue, on the other hand, that they do not need to

---

[5] Indeed, Defendants filed a second motion for sanctions on July 25, 2023 (*see* D. 201).  This motion will be addressed at a later date as the parties' voluminous filings and motions practice have been causing docket congestion.

identify what information could be classified as highly confidential (D. 290 at 6-7). The Court reminds Defendants that the movant of a motion for sanctions bears the burden of establishing its claim. Defendants failed to do that, and Magistrate Judge Prose's conclusion was not clearly erroneous.

That conclusion, however, does not end the analysis as Defendants argue that Plaintiff is prohibited by the PO from even using knowledge of the HC-AEO documents or their contents when drafting a complaint—even if that complaint does not disclose confidential information. Magistrate Judge Prose, citing *City of Fort Collins v. Open Int'l, LLC*, No. 21-CV-02063-CNS-MEH, 2022 WL 7582436, at *4 (D. Colo. Aug. 16, 2022) (collecting cases), defined the term "use" to be: reliance on or utilization of the confidential content within those documents. *See also Milwaukee Elec. Tool Corp. v. Snap-on Inc.*, No. 14-CV-1296-JPS, 2016 WL 1719657, at *4 (E.D. Wis. Mar. 16, 2016). In *Open Int'l, LLC*, the district court determined that the "plain meaning of the term use . . . requires something more than the mere use of one's knowledge that documents exist, and would instead require the substantive reliance on or utilization of the documents themselves to achieve a specific purpose." *Open Int'l, LLC*, 2022 WL 7582436, at *5 (noting that knowledge of the existence of certain documents and 'using' that knowledge to seek disclosure of those documents outside of the litigation did not constitute use of the documents or their contents).

The parties do not oppose this definition. There is also no dispute that Plaintiff reviewed the confidential content of Defendants' documents before drafting the Complaint in the 2023 action. Magistrate Judge Prose determined that Plaintiff did not disclose any confidential content within the Complaint and therefore did not use the confidential documents in violation of the PO. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 192 F. Supp. 3d 400, 403 (S.D.N.Y.

7

2016) ("Such an interpretation [of the protective order] would allow [a party] to withhold relevant and discoverable documents in one action with impunity, even after producing them in a similar case (and even if there was nothing confidential about the documents themselves), safe in the knowledge that its adversary could not mention their existence without risking sanctions.").

Indeed, the U.S. Court of Appeals for the Ninth Circuit supports a plain-meaning interpretation of the PO. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993). In this case, Go–Video obtained information during discovery that it believed supported further claims regarding additional antitrust violations. Go–Video moved to amend the complaint, the district court denied the motion to amend, and Go-Video filed a second lawsuit.[6] The Ninth Circuit vacated the district court's judgment and noted:

> Because Go–Video's lawyers cannot achieve total amnesia and all their subsequent work in antitrust litigation against the defendants (and perhaps anyone else) would be informed by what they learned during discovery in the 1987 suit, the order would prohibit them from representing Go–Video at all in the 1990 litigation. Indeed, lawyers who learn from and use their experience obtained in discovery under such an order would have to change fields, and never do antitrust work again, lest they "use" what they learned in a prior case "in any way whatsoever" in any "other action." For the protective order to comply with common sense, a reasonable reading must connect its prohibitions to its purpose—protection against disclosure of commercial secrets.

*In re Dual-Deck Video*, 10 F.3d at 695. Ultimately, the Ninth Circuit noted that the filing of the second lawsuit did not reveal any secrets or propriety information, which was the purpose of the protective order, and that Go-Video substantially complied with the reasonable interpretation of the protective order. *See also Static Media LLC v. Leader Accessories LLC*, 38 F.4th 1042, 1048

---

[6] The Court notes that it would have been better practice if Plaintiff had just moved to amend the Amended Complaint given the contentious history and relationship between the parties.

8

(Fed. Cir. 2022) ("In other words, 'use' here implies disclosure to the public or those not signatories to the protective order. The reasonableness of this interpretation is supported by decisions holding that the use of information gained by an attorney under a protective order in one case may appropriately be used by the same attorney to develop a strategy applicable to a second action.").

Defendants cite *On Command Video Corp. v. LodgeNet Ent. Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997) in support of their argument. This case is distinguishable from the instant civil action because the plaintiff was found in contempt for using confidential documents obtained under a protective order in a federal case to file a separate action in state court and the protective order "unequivocally bar[red] all uses of confidential materials except one—'[the] analysis of issues presented in this litigation.'" *Id.* at 921. The District Court for the Northern District of California distinguished its case from *In re Dual-Deck Video* by finding that the Ninth Circuit found the protective order overly broad by restricting "all information" whereas the prohibition in *On Command*, was strictly limited to confidential information produced in discovery. *But see Mahboob v. Educ. Credit Mgmt. Corp.*, No. 15-CV-628-TWR-AGS, 2021 WL 7448532, at *3 (S.D. Cal. Mar. 31, 2021) (distinguishing *In re Dual-Deck Video* because plaintiff obtained discovery of additional antitrust violations in a non-class action and used them to file a second suit rather than using confidential information "to multiply litigation stemming from the same conduct at issue in this suit."). Here, the new allegations raised in Plaintiff's second lawsuit are alleged violations that were not previously known to the Plaintiff and the Court finds that Defendants are attempting to restrict all information from being used to file a second civil action (*see, e.g.,* 23-cv-01719; D. 1 at 3 ("This lawsuit concerns additional forms of theft and misappropriation separate

9

and apart from McCarvel's original theft. It focuses on the solicitation, disclosure, receipt, and use of Crocs's trade secrets that were stolen by other means at other times.")). The Court, therefore, concludes that *On Command Video Corp.* is not applicable or persuasive to this Court. Accordingly, Magistrate Judge Prose did not err in her conclusion that Plaintiff did not violate the PO.

Magistrate Judge Prose then examined whether the filing of the Complaint in the 2023 civil action based on information that was derived from the HC-AEO documents constituted a prohibited use. Magistrate Judge Prose examined the purpose and limitation declaration at the beginning of the PO, which states:

> Disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted. Accordingly, the Parties petition the Court to enter the following Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

(D. 30 at 1). Magistrate Judge Prose determined that the applicable legal principles permitted a fundamental right to access the courts to seek redress and that there was no provision within the PO that prohibited a party from "suing each other with respect to conduct disclosed in their confidential discovery" (D. 286 at 15). The Court does not find this analysis to be clearly erroneous.

Finally, Defendants argue that Plaintiff has not moved to modify the PO. It is true that some courts remedy the dispute pertaining to a violation of the PO by modifying the protections listed within it. *See, e.g., Royal Park Invs. SA/NV*, 192 F. Supp. 3d at 406-407. Here, however,

10

such a tactic is not necessary as Plaintiff moved to consolidate the cases. Thus, the dispute is remedied, the entire civil action will be controlled by the original PO, and the consolidation will "put an end to litigation sideshows like the instant sanctions application, while continuing to protect genuinely confidential information." *Id.* at 407.

### IV. CONCLUSION

Accordingly, the Court OVERRULES Defendants' Objections and ADOPTS Magistrate Judge Prose's Recommendation (D. 286) consistent with the above analysis. Thus, Defendants' motion for sanctions is DENIED (D. 194).

It is FURTHER ORDERED that Plaintiff's motion to consolidate (D. 197) is GRANTED. Civil action 23-cv-01719-GPG-SBP is already assigned to the undersigned as Presiding District Judge, and to U.S. Magistrate Judge Prose in the referral role.

It is FURTHER ORDERED that all future filings in these consolidated actions shall be made exclusively in the lead case, civil action 21-cv-02859-GPG-SBP. All deadlines and hearings existing before the consolidation in each of the individual cases are stricken.

It is FURTHER ORDERED the motion to stay is DENIED (23-cv-1719; D. 22). The parties SHALL CONFER and are instructed to contact Magistrate Judge Prose's Chambers in the next fourteen (14) days to reset any hearings or status conferences.

It is FURTHER ORDERED that Plaintiff is directed to file a consolidated Second Amended Complaint within thirty (30) days of the entry of this Order.

It is FURTHER ORDERED that Defendants shall have thirty (30) days after the filing of the Second Amended Complaint to answer or otherwise respond.

It is FURTHER ORDERED that the Defendants' three motions to dismiss (21-cv-2859; D. 272 and 23-cv-01719; D. 9, D. 10) are DENIED AS MOOT and WITHOUT PREJUDICE.

DATED January 26, 2024.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge